WHEELER, *Adm'r, App't*, v. JOSLIN & a.

JOSLIN & a., *App'ts*, v. WHEELER, *Adm'r*.

The power of the probate court to require an administrator to retain funds in his hands for the payment of a contingent claim is not limited to the case of an estate administered in the solvent course.

PROBATE APPEALS.  The estate of William P. Wheeler, being solvent, but administered in the insolvent course, the administrator appealed from an order requiring him to retain $5,000 in his hands for the payment of the claim of Joslin and others, which had been contingent.  The creditors appealed from a denial of their motion, that the judge of probate proceed to examine the same claim and determine what is due them, the claim being no longer contingent.

*Frink & Batchelder*, for the administrator.

*Batchelder & Faulkner*, for the creditors.

DOE, C. J.  "Demands against any estate not due, or depending on some contingency, may be filed in the court of probate, and the judge, after due notice, may require the administrator to retain in his hands, on settlement of his account, such sum as may be necessary to pay the same."  G. L., c. 198, s. 6 ; Gen. St., c. 179, s. 6.  By the decision and the dissenting opinion in *Hall* v. *Martin*, 46 N. H. 337, 343, 356, attention was called, in 1865, to the fact that while the Revised Statutes (c. 161, s. 6) empowered the probate court to make a retaining order upon the administrator of an estate administered as solvent, there was no provision for similar action in the settlement of an estate in the insolvent course.  In the next revision of the statutes, the substitution of "any" for "such" made the section applicable to estates settled in either course, and authorized the order made in this case.

One of the administrator's reasons of appeal is, that this claim has not been allowed by the commissioner.  In 1876 the claim, being then contingent, was presented to the commissioner, with a copy of the written agreement of the deceased and these claimants, and an annexed schedule of the notes outstanding and claimed to have been issued according to the agreement, upon which a contingent liability of the estate was asserted.  The commissioners' report is, "No hearing was had upon the claim, but it is admitted that there is a contingent liability upon the agreement of which said paper is a copy;" and this report was accepted by the probate court.  If a more formal allowance of the claim in its contingent form was necessary, it can now be obtained under s. 15, c. 199, Gen. Laws, which provides that, at any time before the decree of distribution, any errors happening in the report may, by leave of court, be corrected by the commissioner.  The admission of liability before the commissioner left undetermined the amounts, and perhaps the persons to whom they are now due.  The amounts could not then be determined, and the utility of a more formal adjudication of the admitted liability to an indeterminable amount is not apparent.  Whether any allowance of the contingent claim was necessary there is no occasion to inquire.

It is to be inferred that the provision for retaining funds to meet

a contingent liability was not intended unnecessarily to take the adjustment of the claim, in such a case as this, out of the insolvent course of procedure in which the estate is settled. The liability having ceased to be contingent, its amount and the creditors to whom the debt is now due may be determined by the commissioner to whom it was presented, or by another commissioner appointed for the purpose. The intention of the legislature may be carried out by an order of the probate court, either recommitting the claim to the commissioner, or sending it to another.

Another alleged reason of the administrator's appeal is, that the claim had not been filed in the probate court when the order for retaining funds was made. The decree from which the administrator appeals states that the claim was duly filed in the probate court: the commissioner's report mentioned the claim, and stated the admission of the administrator in regard to it, and no facts appear on which we can hold it was not filed. If necessary it can be filed now, and a new order for the retention of funds can be made.

However it may be in other cases, it is not necessary in this case that the claim should be examined and determined by the judge of probate instead of a commissioner.

*Both appeals dismissed.*

CARPENTER, J., did not sit: the others concurred.