WHITCOMB *v.* STARKEY & a.

The devisee of an unexpired term, who does not enter upon the demised premises nor in any way signify his intention to accept the lease, is not liable for the rent.

COVENANT, for rent of premises in Keene upon a lease made by the plaintiff to one Cummings, March 14, 1873, for the term of five years. Facts found by the court. Cummings assigned the lease to one John W. Starkey, August 8, 1874, by a writing in which Starkey covenanted with him to pay the rent. The plaintiff did not release Cummings, nor accept Starkey paymaster for the rent. Starkey died about January, 1876, leaving a will whereby he gave the use and income of all his estate, real and personal, to his wife, who is one of the defendants, for life or during widowhood, with remainder to his two daughters, who are the other defendants in this suit. The plaintiff never made any demand for the rent upon Starkey's executor, and did not present his claim for allowance to the commissioner on the estate. Neither of the defendants has had anything to do with the premises since Starkey's death, and neither has done any act by way of accepting the lease or assuming to perform its covenants. The court found for the defendants, and the plaintiff excepted.

*D. H. Woodward,* for the plaintiff.

*Batchelder & Faulkner,* for the defendants.

SMITH, J.   When one becomes assignee of a lessee by operation of law, he is not, in general, chargeable with the performance of the covenants of the lease until he enters or does some act showing his acceptance.   He may accept without entry, but he is not compelled to take the assignment.   Taylor L. & T., s. 451; *Williams* v. *Bosanquet,* 1 Brod. & B. 238.   A devisee is an assignee in law.   The defendants never having entered upon the demised premises, nor done any act to signify acceptance of the lease, are not liable as assignees.   Moreover, the defendants, Mrs. Howard and Mrs. Fletcher, were never devisees of the term.   The testator devised to his widow the unexpired term of the lease, contingent upon her living or remaining his widow until its expiration.   He devised to the other defendants the remainder of the term, after the death or remarriage of Mrs. Starkey, in case she should die or remarry before the expiration of the term.   As neither of these events took place during the term, the other defendants took nothing in the demised premises under the will.

Nor are the defendants liable as devisees generally under the will, or because they have received assets which are required to pay the plaintiff's claim.   A demand depending upon a contingency which has not happened, and which cannot be allowed by a commissioner of insolvency, it has been held, is one which exists where a debt or duty may arise upon the happening of some event, but where there is no debt or duty until the event happens.  *Alexander* v. *Follet,* 5 N. H. 499, 501.   If the plaintiff's claim for the rent accruing after the death of the testator depended upon a contingency, it was a claim which might have been presented to the commissioner, or filed in the probate office with a petition to the judge of probate to require the executrix to retain in her hands such sum as might be necessary to pay it.   Gen. Laws, c. 198, s. 6; *Hall* v. *Martin,* 46 N. H. 337; *Wheeler* v. *Joslin,* 63 N. H. 164.   The amount that would accrue to the end of the term was capable of exact mathematical computation.   The contingency upon which it is claimed payment depended, was the non-destruction by fire or other unavoidable casualty of the buildings upon the demised premises; also the non-assignment of the lease by the executrix or devisees.   If the liability of Starkey's estate to pay rent had been terminated by the happening of either of these events, the amount allowed might have been corrected by the commissioner at any time before final distribution, by leave of the probate court.   Gen. Laws, c. 199, s. 15; *Wheeler* v. *Joslin, supra.*

*Judgment for the defendants.*

ALLEN, J., did not sit: the others concurred.